IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUBAR CRAWFORD,**<br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**CORRECTIONS OFFICER THOMAS,**<br>**SCI Phoenix,**<br><br><br>**CORRECTIONS OFFICER JOHN/JANE DOE**<br>**#1,**<br>**SCI Phoenix,**<br><br>**CORRECTIONS OFFICER JOHN/JANE DOE**<br>**#2,**<br>**SCI Phoenix,**<br><br>**CORRECTIONS OFFICER JOHN/JANE DOE**<br>**#3,**<br>**SCI Phoenix,**<br><br>**LIEUTENANT JOHN/JANE DOE #4,**<br>**SCI Phoenix,**<br><br>**SERGEANT JOHN/JANE DOE #5,**<br>**SCI Phoenix,**<br><br><br>　　　　　　　**Defendants.** | **CIVIL ACTION**<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT**

**I.    PRELIMINARY STATEMENT**

1.    This is a civil rights action for monetary damages brought pursuant to 42 U.S.C. § 1983 as well as the Eighth and Fourteenth Amendments to the United States Constitution, and raising supplemental state-law claims related to Defendants' use of excessive force and injuries that occurred at SCI Phoenix on August 13, 2024, while Plaintiff was housed in the Restrictive Housing

1

Unit ("RHU"). Defendant Thomas struck Plaintiff with a baton, deployed pepper spray in his genitals and assaulted him, while all other Defendants failed to intervene. Plaintiff suffered extreme pain and long-term injury due to the vicious, unprovoked assault.

2. Due to Defendants' actions and inactions, Plaintiff suffered extensive injuries to his right leg and torso, for which he received medical treatment at the Medical Department in SCI Phoenix. Plaintiff also experienced substantial pain and suffering, long term rehabilitation, and emotional distress due to Defendants' actions and inactions.

3. Plaintiff now seeks monetary damages for the trauma to his right leg, substantial pain and suffering, and financial losses caused by Defendants' conduct, as well as punitive damages for Defendants' willful, malicious, and oppressive conduct.

## II.    JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343; pendent jurisdiction to consider claims under state law; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate claims arising under state law.

5. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this claim occurred within Montgomery County, Pennsylvania, within the Eastern District of Pennsylvania.

## III.    PARTIES

6. Plaintiff, Rubar Crawford (hereinafter "Plaintiff"), is 48 years old and an inmate currently incarcerated at SCI Phoenix, located at 1200 Mokychic Drive, Collegeville, Montgomery County, Pennsylvania.

7. Defendant, Corrections Officer Thomas (hereinafter "Thomas"), was at all times relevant to this Complaint a Corrections Officer with the Pennsylvanian Department of Corrections at SCI Phoenix with a business address of 1200 Mokychic Drive, Collegeville, Pennsylvania. He is sued in his individual capacity.

8. Defendant, Corrections Officer John/Jane Doe #1 (hereinafter "Doe #1"), is and was at all times relevant to this Complaint a Corrections Officer with the Pennsylvanian Department of Corrections at SCI Phoenix with a business address of 1200 Mokychic Drive, Collegeville, Pennsylvania. He/she is sued in his/her individual capacity.

9. Defendant, Corrections Officer John/Jane Doe #2 (hereinafter "Doe #2"), is and was at all times relevant to this Complaint a Corrections Officer with the Pennsylvanian Department of Corrections at SCI Phoenix with a business address of 1200 Moykchic Drive, Collegeville, Pennsylvania. He/she is sued in his/her individual capacity.

10. Defendant, Corrections Officer John/Jane Doe #3 (hereinafter "Doe #3"), is and was at all times relevant to this Complaint a Corrections Officer with the Pennsylvanian Department of Corrections at SCI Phoenix with a business address of 1200 Mokychic Drive, Collegeville, Pennsylvania. He/she is sued in his/her individual capacity.

11. Defendant, Lieutenant John/Jane Doe #4 (hereinafter "Doe #4"), is and was at all times relevant to this Complaint a Corrections Officer with the Pennsylvanian Department of Corrections at SCI Phoenix with a business address of 1200 Mokychic Drive, Collegeville, Pennsylvania. He/she is sued in his/her individual capacity.

12. Defendant, Sergeant John/Jane Doe #5 (hereinafter "Doe #5"), is and was at all times relevant to this Complaint a Corrections Officer with the Pennsylvanian Department of Corrections

at SCI Phoenix with a business address of 1200 Mokychic Drive, Collegeville, Pennsylvania. He/she is sued in his/her individual capacity.

13.    At all times relevant to this Complaint, Defendants acted under color of state law.

### IV.    FACTUAL ALLEGATIONS

14.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

15.    On or about August 13, 2024, Plaintiff was housed in the Restricted Housing Unit ("RHU") at SCI Phoenix.

16.    During the 6 a.m. to 2 p.m. shift that day, all the cells in the RHU were searched and items including but not limited to toiletries and mattresses were taken from the cells.

17.    During the time of the search, Defendants refused Plaintiff access to his inhaler or toilet paper, items which he repeatedly asked for throughout the day.

   a.    Plaintiff could not wipe himself after using the toilet without access to toilet paper.

   b.    Plaintiff was wheezing and having difficulty breathing without his inhaler because Oleoresin Capsicum spray ("OC spray") was continuously deployed during the search.

18.    Between approximately 7:00 p.m. and 7:40 p.m., medication was being distributed to the RHU inmates.

19.    Since Plaintiff's pleas for his inhaler and toilet paper had been ignored, to gain the attention of the Defendants on duty, Plaintiff placed his right leg in his tray wicket and held an envelope with a note stating he needed his inhaler and toilet paper.

20.    Without warning, Defendant Thomas came to Plaintiff's cell, grabbed his baton from his belt and violently hit Plaintiff's right leg four to six times until the leg was limp and dripping blood.

21.    Defendant Thomas then deployed his OC spray directly onto Plaintiff's genital area, saturating the fabric of his jumpsuit, and continued to strike Plaintiff's leg with his baton fifteen to twenty more times.

22.    None of Defendants Does #1 through #5 who were in the area of Plaintiff's cell intervened to stop Defendant Thomas's assault of Plaintiff, and because they did nothing to stop the assault, Defendant Thomas continued to beat and spray Plaintiff causing him serious injuries.

23.    Because Plaintiff was suffering crippling pain and loss of movement in his right leg, security carried Plaintiff downstairs and placed him in a wheelchair to be taken to the medical department.

24.    Plaintiff received no medical care that evening even though he had blood dripping down his right leg. Plaintiff had to wrap a sock around his leg to stifle the flow of blood.

25.    Security took photographs of Plaintiff's injuries, and his underwear was taken during the investigation.

26.    Plaintiff suffered and continues to suffer from right leg pain, edema[1], and spasms, causing him to require a wheelchair due to limited mobility.

27.    Plaintiff's leg continues to be swollen and twitches randomly, causing him severe pain and decreased mobility. Since the incident, Plaintiff has continued to use a wheelchair up to time of the filing of this complaint.

---

[1] Edema is swelling caused by excess fluid trapped in body tissues

28.     The incidents and the resulting severe pain in his right leg caused Plaintiff severe emotional distress.

## V.     ADMINISTRATIVE REMEDIES

29.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

30.     Plaintiff has fully exhausted all administrative remedies while incarcerated at the Pennsylvania Department of Corrections.

## VI.     CLAIMS FOR RELIEF

### COUNT I: USE OF EXCESSIVE FORCE
### BY DEFENDANT THOMAS
### (FEDERAL CONSTITUTIONAL CLAIM)

31.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

32.     The Eighth and Fourteenth Amendments to the United States Constitution prohibit officials from using unnecessary excessive physical force against an individual. Defendant Thomas acted maliciously and sadistically for the very purpose of causing harm and not in a good-faith effort to maintain or restore discipline. This unprovoked and unnecessary infliction of pain was totally without penological justification, violating Plaintiff's right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the U.S. Constitution.

33.     The foregoing conduct of Defendant Thomas, acting under color of state law, constituted excessive physical force and unlawfully deprived Plaintiff of his civil and constitutional rights, including his rights, privileges, and immunities under the Eighth and Fourteenth Amendments to the U.S. Constitution, in violation of 42 U.S.C. § 1983.

34. The acts of Defendant Thomas, which included violent assaults on Plaintiff, were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately, and/or by conduct so egregious as to shock the conscience.

35. Defendant's use of force was not applied in a good-faith effort to subdue Plaintiff but rather was applied maliciously and sadistically to cause Plaintiff harm.

36. As a direct and proximate cause of Defendant's actions, Plaintiff suffered serious physical injuries to his leg and suffered severe emotional distress and mental anguish following the traumatic experience.

37. As a direct and proximate result of Defendant's illegal and unconstitutional actions and omissions, Plaintiff suffered loss of earning capacity and the deprivation of other liberty interests, all to his great financial detriment and loss.

38. By these actions, Defendant Thomas deprived Plaintiff of his rights secured by the Eighth and Fourteenth Amendment to the U.S. Constitution.

## COUNT II: FAILURE TO INTERVENE
## TO VIOLATE CIVIL RIGHTS BY JOHN/JANE DOE DEFENDANTS

39. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

40. At all times relevant hereto, Defendants Does #1 through #5, acting under color of state law were present during the assault of Plaintiff and had a clear, realistic opportunity to intervene and stop the use of excessive force.

41. Despite having the ability to prevent further harm, Defendants Does #1 through #5 acted with deliberate indifference to Plaintiff's safety by standing by and failing to take any reasonable steps to protect Plaintiff while he was being assaulted, nor did they order Defendant Thomas to stop.

7

42.    This failure to act resulted in severe injury to Plaintiff and constituted a violation of Plaintiff's Eighth and Fourteenth Amendment right to be free from cruel and unusual punishment.

43.    As a result of Defendants' failure to intervene Plaintiff suffered severe physical and emotional injuries, as described in this Complaint.

## COUNT III: BATTERY
## (STATE LAW CLAIM)

44.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

45.    On or about August 13, 2024, Defendant Thomas intentionally made direct, harmful, and/or offensive contact to Plaintiff's person and caused Plaintiff actual physical injuries when beating and spraying him through the wicket with the baton.

46.    The actions of Defendant Thomas constitute the tort of battery under Pennsylvania law.

47.    As a result of Defendant Thomas' conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and/or mental anguish.

## COUNT IV: ASSAULT
## (STATE LAW CLAIM)

48.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

49.    On or about August 13, 2024, Defendant Thomas intentionally acted to make harmful and/or offensive contact to Plaintiff's person when he assaulted Plaintiff with a baton and OC spray and caused severe damage to Plaintiff's leg.

50.    The actions of Defendant Thomas constitute the tort of assault under Pennsylvania law.

51.    As a result of Defendant Thomas' conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and/or mental anguish.

**COUNT V:**
**OUTRAGEOUS CONDUCT CAUSING**
**SEVERE EMOTIONAL DISTRESS**
**(STATE LAW CLAIM)**

52.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

53.    On or about August 13, 2024, Defendants Thomas and John Does #1 through #5 engaged in extreme and outrageous conduct when Defendant Thomas assaulted and sprayed Plaintiff with an excessive amount of force, and Defendants John/Jane Does #1 through #5 failed to intervene, all of which caused Plaintiff to suffer severe emotional distress.

54.    The acts of Defendants Thomas and John/Jane Does #1 through #5 constitute the tort of outrageous conduct causing severe emotional distress under Pennsylvania law.

55.    As a result of Defendants Thomas and John/Jane Does #1 through #5's conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and/or mental anguish.

**VII.    PUNITIVE DAMAGES**

56.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

57.    Defendants' conduct was outrageous, malicious, wanton, willful, reckless, and intentionally designed to inflict harm upon Plaintiff.

9

58.    As a result, Plaintiff is entitled to punitive damages on each count because such damages are necessary and appropriate both to punish Defendants' outrageous conduct and to deter them and others from engaging in similar conduct.

## VIII.    JURY DEMAND AND RELIEF DEMANDED

59.    Plaintiff demands a jury trial as to each count.

WHEREFORE, Plaintiff requests the following relief:

a.    Compensatory damages;

b.    Punitive damages;

c.    Reasonable attorney's fees and costs; and

d.    Such other and further relief as appears reasonable and just.

Respectfully submitted,

/s/ Laurie R. Jubelirer
Laurie R. Jubelirer, Esquire
Jubelirer Law, LLC

Date: April 27, 2026